DAVID S. RATNER (SBN 316267)
SHELLEY A. MOLINEAUX (SBN 277884)
RATNER MOLINEAUX, LLP
2950 Buskirk Ave., Suite 300
Walnut Creek, CA 94597
Tel: (925) 239-0899
david@ratnermolineaux.com
shelley@ratnermolineaux.com

Attorneys for Plaintiff
PAYTN EDWARDS

William S. Kronenberg – SBN 133730
Stacey C. Quan - SBN 280004
KRONENBERG LAW PC
1 Kaiser Plaza, Suite 1675
Oakland, CA  94612-3699
Tel:    510-254-6767
Fax:    510-788-4092
wkronenberg@krolaw.com
squan@krolaw.com

Attorneys for Defendants
SAYBROOK UNIVERSITY and JOEL FEDERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYTN EDWARDS, individually,<br><br>       Plaintiff,<br><br>   vs.<br><br>SAYBROOK UNIVERSITY, and JOEL FEDERMAN, an individual; and DOES 1 through 50, inclusive,<br>       Defendants. | Case No.  3:24-cv-04184-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   February 12, 2025<br>Time:   2:00 PM<br>Dept.:  via Zoom<br><br>*Complaint Filed: June 3, 2024* |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Minute Order (Dkt. No. 23) following the October 9, 2024 Initial Case Management Conference, Plaintiff Paytn Edwards ("Plaintiff") and Defendants Saybrook University and Joel Federman ("Defendants" or "Saybrook" and "Federman"), by and through their undersigned counsel, jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-10, and the model Joint Case Management Statement obtained from the Court.

**1.   Jurisdiction & Service**

Defendants removed this case from Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California based on Federal Question jurisdiction over this action pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441(a). Plaintiff's claims invoke the American with Disabilities Act of 1990 ("ADA"), Title VI of the Civil Rights Act of 1964 ("Title VI"), and Title IX of the Education Amendments Act of 1972 ("Title IX").

All defendants have been served.

**2.   Facts**

Plaintiff's Position:

This case was initially brought in San Francisco County Superior Court and removed to the Northern District of California. Plaintiff Paytn Edwards ("Plaintiff") was a student at Defendant Saybrook University ("Saybrook"). Plaintiff began work on an ethnographic study of the sex industry under their Advisor and Department Chair, Defendant Joel Federman ("Federman") who was assigned to them.

On or around June 7, 2022, Federman arrived at Plaintiff's husband's apartment upon hearing that Plaintiff would be going to their husband's apartment, uninvited and unannounced. Federman approached Plaintiff from behind and proceeded to attack, rape, and penetrate Plaintiff. Plaintiff alleges that Federman sexually harassed, assaulted and committed battery to Plaintiff, when it was not consensual or provoked in any manner.

After lodging a complaint against Federman, Saybrook gave Plaintiff no opportunity to finish their degree and ultimately expelled them.

Plaintiff alleges that Saybrook discriminated against them based on their gender, disability and national origin. Plaintiff is informed and believes that other students who are non-transgendered, non-

indigenous, and do not have a disability have been given opportunities for success and obtaining a degree at Saybrook. In addition, Saybrook failed to investigate Plaintiff's reports, concerns, and complaints. Instead, Saybrook expelled Plaintiff.

Plaintiff alleges that Federman recruited students to harass and intimidate Plaintiff for reporting their rape. In addition, Federman failed to tell Saybrook the truth about the sexual battery he committed against Plaintiff and Federman still has not been punished for his involvement and actions. Federman remains employed by Saybrook and faced no consequences for his rape, harassment and retaliation of Plaintiff.

Plaintiff alleges that both California and Federal Law require educators such as Saybrook to engage with a student with a disability to find a solution to the issues created by the disability. Saybrook did not do so. Instead, Saybrook retaliated against Plaintiff when they changed, revoked, and denied accommodations, denied supportive measures, refused newfound evidence in the Title IX investigation, suspended Plaintiff for six months, assigned them an essay in order to return to school, chose not to investigate the rape due to the rape occurring off campus, stated that Plaintiff's essay failed to respond to the essay prompt when Plaintiff wasn't given the rubric to answer the prompt, upheld the appeal to expel Plaintiff, and ultimately wrongfully expelled Plaintiff.

Plaintiff alleges that Federman retaliated against Plaintiff when they cut off contact with him by reporting Plaintiff to Student Affairs informally, refused to help with Plaintiff's accommodations, and then reporting Plaintiff to Student Affairs formally lodging a complaint against them.

Plaintiff alleges the following causes of action: (1) Assault; (2) Battery; (3) Sexual Harassment; (4) The Tom Bane Civil Rights Act; (5) The Ralph Act; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Negligent Hiring and Retention; (9) Failure to Prevent Discrimination and Harassment; (10) Gender Discrimination; (11) Retaliation, Title IX of the Education Amendment of 1972; (12) Disability Discrimination Americans with Disabilities Act of 1990; (13) Student Discrimination Based on Race or National Origin, Title IV of the Civil Rights Act of 1964.

Defendants' Position:

Defendants deny Plaintiff's claims which are categorically false. Defendants intend to serve Plaintiff's counsel with a Rule 11 letter demanding Plaintiff withdraw their false pleading. Plaintiff was a

student at Saybrook from August 2020 to April 2023, but was suspended for the fall term in 2023 for numerous violations of the Student Code of Conduct and denied re-entry for failure to comply with the suspension terms for reenrollment.

Federman has never met Plaintiff in person and never assaulted, battered, or harassed Plaintiff, or recruited anyone else to harass or intimidate Plaintiff.

Plaintiff filed complaints on or around January 2, 2023 and July 19, 2023 (documented complaint submitted on August 21, 2023) with Saybrook, concerning claims of sexual misconduct and sexual assault. Saybrook investigated and assessed the complaints and concluded the allegations were not substantiated.

Defendants did not discriminate or retaliate against Plaintiff on the basis of Plaintiff's gender, disability or national origin, but treated Plaintiff fairly and equitably in accordance with Saybrook's policies and procedures and in compliance with all applicable laws.

**3.     Legal Issues**

The key legal issues in the operative Complaint include, but are not limited to, the following:

a.     Whether Federman's actions or omissions constituted assault in violation of California Civil Code § 1708.5.

b.     Whether Federman's actions or omissions constituted battery in violation of California Civil Code § 1708.5.

c.     Whether Federman's actions or omissions constituted sexual harassment in violation of California Civil Code § 51.9.

d.     Whether Federman's actions or omissions violated the Tom Bane Civil Rights Act in violation of California Civil Code § 52.1.

e.     Whether Federman's actions or omissions violated the Ralph Act in violation of California Civil Code § 51.7.

f.     Whether Defendants' actions or omissions constituted intentional infliction of emotional distress.

g.     Whether Defendants' actions or omissions constituted negligent infliction of emotional distress.

h.     Whether Saybrook's actions or omissions constituted negligent hiring and retention.

   i. Whether Defendants' actions or omissions failed to prevent discrimination and harassment in violation of Title IX of the Education Amendments of 1972.

   j. Whether Defendants' actions or omissions constituted gender discrimination in violation of Title IX of the Education Amendments of 1972.

   k. Whether Defendants' actions or omissions constituted retaliation in violation of Title IX of the Education Amendments of 1972.

   l. Whether Defendants' actions or omissions constituted disability discrimination in violation of Americans with Disabilities Act of 1990.

   m. Whether Defendants' actions or omissions constituted student discrimination based on race or national origin in violation of Title VI of the Civil Rights Act of 1964.

   n. If liability exists, the scope, nature, extent and any limitations on damages; and,

   o. Whether Plaintiff mitigated their damages, if any, or otherwise failed to avoid harm.

**4.** **Motions**

Plaintiff's Position:

Plaintiff does not anticipate filing any motions at this time.

Defendants' Position:

Defendants anticipate filing motions for summary judgment.

**5.** **Amendment of Pleadings**

The Parties do not expect any amendments to the pleadings.

**6.** **Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f). The Parties will take all reasonable steps to preserve evidence potentially relevant to this matter and will continue to comply with their preservation obligations.

**7.** **Disclosures**

The Parties have met and conferred pursuant to F.R.C.P. Rule 26. The Parties exchanged initial disclosures and documents on October 2, 2024.

**8.** **Discovery**

Plaintiff's Position:

Plaintiff will serve Interrogatories and Request for Production of Documents to Defendants before the Case Management Conference. Plaintiff will notice depositions of witnesses identified in Defendants' document production, Defendant Federman and Saybrook's Person Most Knowledgeable concerning the issues in this case including Saybrook's hiring and retention of Federman and complaints it received concerning Federman.

Defendants' Position:

Defendants have served written discovery to Plaintiff and provided two month-long extensions such that the responses are currently due March 7, 2025. Defendants will notice Plaintiff's deposition after receipt of subpoenaed records and Plaintiff's discovery responses.

Joint Position:

The Parties do not presently anticipate seeking any modifications to the presumptive limits on discovery imposed by the Federal Rules of Civil Procedure.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are no related matters.

**11. Relief**

Plaintiff's Position:

Plaintiff seeks economic damages, emotional distress damages, punitive damages, and injunctive relief. Plaintiff further seeks attorney's fees and costs.

Defendants' Position:

Defendants are not asserting any counterclaim or claims for affirmative relief, but reserve the right to seek attorney's fees and costs as the prevailing parties.

**12. Settlement and ADR**

The Parties have discussed the options of a settlement conference and mediation and have agreed to continue discussions of both options at a later date until after basic written discovery and key depositions have taken place.

**13.   Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**14.   Narrowing of Issues**

The Parties have not been able to identify issues that can be narrowed at this time.

**15.   Expedited Trial Procedure**

Not applicable.

**16.   Scheduling**

Parties have met and conferred and request the following continuances:

- Close of Non-Expert Discovery Cut-off due by **September 8, 2025** (from June 2, 2025).

- Expert Disclosure and Reports Provided due by **October 7, 2025** (from July 1, 2025).

- Rebuttal Expert Disclosure and Reports Provided due by **October 20, 2025** (from July 14, 2025).

- Close of Expert Discovery due by **November 3, 2025** (from July 28, 2025).

**17.   Trial**

Currently no trial is set.

**18.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's Position:

None at this time.

Defendants' Position:

Defendants filed Certifications of Interested Parties on July 11, 2024 (Dkt No. 2) and on July 12, 2024 (Dkt No. 7). Defendants identify The Community Solution Education System as a non-party interested entity.

**19.   Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

1  **20.** **Other**

2  None.

4  DATED: February 5, 2025                    Respectfully submitted,

5                                             RATNER MOLINEAUX, LLP

7                                             By: */s/ David S. Ratner*
                                                  David S. Ratner
                                                  Shelley A. Molineaux
8                                                 Attorneys for Plaintiff PAYTN EDWARDS

10 DATED: February 5, 2025                    Respectfully submitted,

11                                            KRONENBERG LAW, PC

13                                            By: */s/ Stacey C. Quan*
                                                  William S. Kronenberg
                                                  Stacey C. Quan
14                                                Attorneys for Defendant
                                                  SAYBROOK UNIVERSITY and JOEL
15                                                FEDERMAN